UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

----------------------------------------------------------------X

STEPHAN HARBISON,

              Plaintiff,

           -against-

**MEMORANDUM AND ORDER**
16-CV-2919 (JMA) (SIL)

DETECTIVE THOMAS CORSO JR.
AND DETECTIVE BRIAN KARP,

              Defendants.

----------------------------------------------------------------X

**APPEARANCES:**

**FILED**
**CLERK**

1/24/2018 10:17 am

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

Stephan Harbison
    *Pro se Plaintiff*

Brian C. Mitchell
Assistant County Attorney
Dennis M. Brown
Suffolk County Attorney
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 1178
    *Attorneys for Defendants*

**AZRACK, United States District Judge:**

On June 2, 2016, incarcerated pro se plaintiff Stephan Harbison ("plaintiff") filed a complaint against Suffolk County Detective Thomas Corso, Jr. ("Det. Corso") and an unidentified Suffolk County Detective who was alleged to have been with Det. Corso at the time of plaintiff's arrest.  Plaintiff brought suit pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights and seeking to have his vehicular manslaughter case dismissed and an unspecified amount of damages.  On January 30, 2017, the Court issued an Order granting the plaintiff's application to proceed in forma pauperis but dismissed sua sponte plaintiff's demand for relief seeking the dismissal of the underlying criminal case.  The Court further Ordered the Suffolk County Attorney to attempt to ascertain the identity of the "John Doe" officer alleged to

have participated in plaintiff's arrest on April 3, 2015.  On March 8, 2017, the County advised the

Court that the "John Doe" detective involved in this matter was Suffolk County Detective Brian

Karp ("Det. Karp") and the complaint was amended to reflect Det. Karp as a defendant.

Currently pending before the Court is defendants' motion to dismiss the complaint against

them in its entirety for failure to state a claim.  (See Defs.' Mot. To Dismiss, ECF. No. 21-3.)

Plaintiff responded to defendants' motion to dismiss via letter dated April 26, 2017.  (ECF. No.

21-11.)  In plaintiff's response, he specifies that though he is no longer seeking dismissal of his

criminal case, he seeks three million dollars for the alleged Section 1983 claim.  (Id.) For the

reasons set forth below, the Court finds that plaintiff has failed to state any plausible claims.

Accordingly, the Court grants defendants' motion to dismiss the complaint pursuant to Rule

12(b)(6).

## I.  BACKGROUND

This action arises out of the circumstances surrounding plaintiff's arrest on April 3, 2015 by

defendants, two Suffolk County detectives.  Plaintiff was allegedly approached by defendants at

the Riverhead Criminal Court Complex located at 210 Center Drive in Riverhead, New York.

(Compl. ¶ 4.)  According to plaintiff, the detectives informed plaintiff that he was under arrest, but

did not indicate the crime with which he was being charged.  (Id.)  Plaintiff alleges that he

repeatedly requested to call his lawyer whom was allegedly in the building as she had appeared

with him in court that day.  (Id.)  Plaintiff also alleges that he asked the defendants to contact his

lawyer.  (Id.)  Plaintiff maintains that though defendants said "yes," they never contacted his

lawyer.  (Id.)  Instead, they repeatedly asked him questions that he refused to answer.  (Id.)

Plaintiff further claims that Det. Corso lied and said that plaintiff made a verbal statement to him

admitting guilt while at the courthouse.  (Id.)

2

According to plaintiff, the defendants then put him in a car and took him to the first precinct and placed him in an interrogation room where the defendants continued to question him.  (Id.) Plaintiff alleges that he continuously asked to call his lawyer as the defendants became frustrated with him and began threatening him.  (Id.)  Plaintiff alleges that when he asked Det. Corso to call his lawyer, he responded, "why, why do you keep asking for your lawyer she can't come back here what do you think this is the movies."  (Id.)  Plaintiff maintains that, other than signing a medical release form, and possibly a Miranda card, he refused to answer or sign any questions, and continuously asked to speak to his lawyer.[1]  (Id.)

Plaintiff ultimately pled guilty to vehicular manslaughter in the first degree; he is currently incarcerated.[2]  (Compl. ¶ 4 ; Pl's Ltr. in Opp. to Mot. to Dismiss, ECF No. 19.)

## II.  DISCUSSION

### A.  Standard for Motion to Dismiss

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  Mere labels and legal conclusions will not suffice.  Twombly, 550 U.S. at 555. In reviewing a motion to dismiss, the Court must accept the factual allegations set forth in the

---

[1] Though plaintiff alleges he was provided a Miranda card, it is unclear from plaintiff's complaint whether he actually signed the card.

[2] According to the E-JUSTICE case summary for plaintiff's April 3, 2015 arrest, plaintiff pled guilty to vehicular manslaughter in the first degree on November 22, 2016.  (Mitchell Decl. Ex. B, ECF 21-5.)  Moreover, plaintiff admits in his complaint and opposition papers that he pled guilty to vehicular manslaughter and is currently incarcerated on that charge.  (Compl. at 6; Pl's Ltr. in Opp. to Mot. to Dismiss, ECF No. 19.)

complaint as true and draw all reasonable inferences in favor of the plaintiff.  Cleveland v. Caplaw

Enters., 448 F.3d 518, 521 (2d Cir. 2006).

While a court is required to read a plaintiff's pro se complaint liberally and interpret it as raising

the strongest arguments it suggests, a pro se plaintiff must still plead "enough facts to state a claim

to relief that is plausible on its face."  Twombly, 550 U.S. at 570; see also Harris v. Mills, 572 F.3d

66, 72 (2d Cir. 2009).

**B.  Section 1983**

Section 1983 provides in pertinent part:

> [e]very person, who, under color of any statute, ordinance, regulation, custom, or usage, of
> any State … subjects, or causes to be subjected, any citizen of the United States … to the
> deprivation of any rights, privileges, or immunities secured by the Constitution and laws,
> shall be liable to the party injured .…

42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights, but a method for

vindicating federal rights elsewhere conferred by those parts of the United States Constitution and

federal statutes that it describes."  Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v.

Roach, 165 F.3d 137, 142 (2d Cir. 1999).  In order to state a Section 1983 claim, a plaintiff must

allege two essential elements. First, the conduct challenged must have been "committed by a

person acting under color of state law."  Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting

Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994).  Second, "the conduct complained of must

have deprived a person of rights, privileges or immunities secured by the Constitution or laws of

the United States."  Id.

Plaintiff alleges that he was denied his right to counsel during the interrogation by

defendants prior to and during his arrest.  At the same time, plaintiff alleges that he refused to

answer the defendants' questions and maintains that he made no statements, incriminating or

4

otherwise.  Plaintiff's Section 1983 claims appear to be based on alleged violations of his Fifth, Sixth and Fourteenth amendment rights.

### 1.  Fifth Amendment – Privilege Against Self-Incrimination

The Fifth Amendment, applicable to the states through the Fourteenth Amendment, provides that a person shall not be "compelled in any criminal case to be a witness against himself." U.S. Const. amend. V.  The Fifth Amendment protects against the admissibility of incriminating statements obtained during custodial interrogation of a person who has not properly waived his right to counsel.  Nesbitt v. County of Nassau, No. 05-CV-5513, 2006 WL 3511377, at *2 n. 7 (E.D.N.Y. Dec. 6, 2006); see Miranda v. Arizona, 384 U.S. 436 (1966). However, it has been consistently held that the remedy for a violation of this right is exclusion of the self-incriminating statements from use at a criminal proceeding, and not an action for damages under Section 1983. Myers v. County of Nassau, 825 F. Supp. 2d 359, 367 (E.D.N.Y. 2011) (citing Neighbour v. Covert, 68 F.3d 1508, 1510 (2d Cir. 1995) (per curiam); Paige v. City of New York, No. 10–CV–5469, 2011 WL 3701923 *3 (E.D.N.Y. Aug. 23, 2011); McZorn v. Endicott Police Dept., No. 3:06-CV-0033, 2008 WL 163581 *9 (N.D.N.Y. Jan. 16, 2008)).  Furthermore, where no such statements have been utilized in any proceeding, no Fifth Amendment claim arises.  Deshawn E. ex. rel. Charlotte E. v. Safir, 156 F.3d 340, 346 (2d Cir. 1998) (citing Weaver v. Brenner, 40 F.3d 527, 535 (2d Cir. 1994)).

Likewise, while a defendant has a constitutional right not to have a coerced statement used against him, a defendant does not have a constitutional right to receive Miranda warnings. See New York v. Quarles, 467 U.S. 649, 654 (1984) (defendant does not have a constitutional right to receive Miranda warnings because warnings are only a procedural safeguard designed to protect a person's right against self-incrimination); Neighbour, 68 F.3d at 1510.  "[T]he *Miranda* warnings

are prophylactic only; they are not constitutional rights in themselves . . . . The reading of (or failure to read) *Miranda* warnings only has a presumptive effect on whether or not an individual's Fifth Amendment rights may have been violated." Weaver, 40 F.3d at 534 (citing Oregon v. Elstad, 470 U.S. 298, 305-307 (1985)). As the Supreme Court has recognized, the *Miranda* warnings are only "suggested" and "were not intended to 'create a constitutional straightjacket.'" Michigan v. Tucker, 417 U.S. 433, 444 (1974) (quoting Miranda, 384 U.S. at 467).

Here, plaintiff appears to argue that he was deprived of his right to counsel while being interrogated by defendants, Suffolk County Detectives. However, plaintiff fails to allege that he made any incriminating statements to defendants, and in fact, claims that he refused to answer the defendants' questions. Accordingly, because there are no allegations that plaintiff made statements in violation of his Fifth Amendment right that were ever used in any proceeding, any Fifth Amendment claims based upon an alleged Miranda violation are dismissed. To the extent plaintiff alleges defendants failed to inform him of his rights under Miranda, such a failure does not, without more, result in Section 1983 liability.[3] As explained earlier, any such claim under the Fifth Amendment claim is properly redressed by the exclusion of improperly obtained evidence at trial; and not by way of an action pursuant to Section 1983.

### 2. Sixth Amendment

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy . . . the Assistance of Counsel for his defence." U.S. Const. amend. VI. However, a detainee does not have an inherent right to counsel prior to the initiation of adversarial judicial proceedings. Rothgery v. Gillespie Cty., Tex., 554 U.S. 191, 198 (2008). The right does not attach until "the time that judicial proceedings have been initiated against him 'whether by way of formal charge,

---

[3] Plaintiff alleges that defendants requested that he sign a card stating that the defendants spoke with him. (Compl. ¶ 4.) Though unclear, it appears that plaintiff signed the Miranda card and was arrested thereafter. Id.

preliminary hearing, indictment, information, or arraignment.'" Brewer v. Williams, 430 U.S. 387, 398 (1977) (quoting Kirby v. Illinois, 406 U.S. 682, 689 (1972)). State law determines when adversarial judicial proceedings have commenced. Meadows v. Kuhlmann, 812 F.2d 72, 76 (2d Cir. 1987). In New York, "a criminal proceeding, and with it the right to counsel, is initiated by the filing of an accusatory instrument." Id. at 77; DeShawn E., 156 F.3d at 349 (citing People v. Blake, 35 N.Y.2d 331, 339 (1974)). In the specific context of pre-arraignment detention, the Second Circuit has expressly held that the Sixth Amendment right to counsel does not attach to questioning, even questioning by the police. Sullivan v. City of New York, No. 14–CV–1334, 2015 WL 5025296, at *6 (S.D.N.Y. Aug. 25, 2015); see also Wims v. New York City Police Dep't, No. 10–CV–6128, 2011 WL 2946369, at *5 (S.D.N.Y. July 20, 2011) (dismissing Sixth Amendment Section 1983 claim where "plaintiff's complaint alleges only a lack of representation during his initial interrogation before arraignment"); Simms v. De Paolis, No. 99-CIV-2776, 2000 WL 1134564, at * 4-5 (S.D.N.Y. Aug. 9, 2000) (no Sixth Amendment right to counsel had yet attached where no indictment or information was issued prior to plaintiff's line-up).

Here, as plaintiff's complaint alleges that defendants' questioning was prior to the commencement of any judicial proceeding, plaintiff cannot allege a Section 1983 violation predicated on a denial of his Sixth Amendment right to counsel.

### 3. Fourteenth Amendment

The Due Process Clause provides, "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Due Process Clause of the Fourteenth Amendment prohibits self-incrimination based on fear, torture, or any other type of coercion. DeShawn E., 156 F.3d at 348 (citing Brown v. Mississippi, 297 U.S. 278, 285–86 (1936)). The question in each case is whether the conduct of "law enforcement officials was such

as to overbear [the defendant's] will to resist and bring about confessions not freely self-determined." Id. (quoting Rogers v. Richmond, 365 U.S. 534, 544 (1961)). The challenged conduct must be the "kind of misbehavior that so shocks the sensibilities of civilized society as to warrant a federal intrusion into the criminal processes of the States." Id. (quoting Moran v. Burbine, 475 U.S. 412, 433–34 (1986)).

Here, as is readily apparent, even affording the pro se complaint a liberal construction, there are no factual allegations from which the Court may reasonably infer a Fourteenth Amendment violation.  Plaintiff's will was not overborne by defendants' questioning.  Most importantly, by plaintiff's own admission, he gave no incriminating statement and refused to answer defendants' questions.  (Compl. ¶ 4.)  Therefore, plaintiff cannot allege a Section 1983 claim based on a due process violation.

### 4.  Heck v. Humphrey

Plaintiff alleges that he never made any inculpatory statements and that Det. Corso lied about such statements.  (Compl. ¶ 4.)  However, to the extent that plaintiff is bringing any claims based on Det. Corso's alleged fabrication of such statements, such claims are barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), because success on such claims would necessarily imply the invalidity of plaintiff's guilty plea.  Under Heck, a claim that, if successful, would "necessarily imply the invalidity" of the plaintiff's prior state conviction is "not cognizable under § 1983" unless that conviction has already been invalidated.  Id. at 487 (dismissing inmate's Section 1983 claim based on alleged unlawful acts of defendants that resulted in criminal conviction).  "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the

8

plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. ("a §

1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal,

expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas corpus");

see also Hill v. Goord, 63 F. Supp. 2d 254 (E.D.N.Y. 1999) (dismissing pro se incarcerated

plaintiff's Section 1983 claims under Heck).

Here, plaintiff's complaint alleges that Det. Corso attributed admissions of guilt to the

plaintiff that the plaintiff claims he never made.  (Compl. at ¶ 4.)  Plaintiff, however, has already

been convicted of the crime and is currently serving his prison sentence.  See Mitchell Decl. Ex.

B (ECF 21-5.)  As plaintiff's conviction has not been invalidated, his Section 1983 claim must be

dismissed under the Supreme Court's decision in Heck.

## C.  Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when

a liberal reading of the complaint gives any indication that a valid claim might be stated."  Shomo

v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation

omitted).  Indeed, a pro se plaintiff who brings a civil rights action, "should be 'fairly freely'

afforded an opportunity to amend his complaint . . . ."  Boddie v. New York State Div. of Parole,

No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin,

850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted).  Yet, while "pro se plaintiffs

are generally given leave to amend a deficient complaint, a district court may deny leave to amend

when amendment would be futile."  Id. (citations omitted).

Here, the Court has carefully considered whether plaintiff should be granted leave to amend his complaint. Because the defects in plaintiff's claims are substantive, and could not be cured in an amended complaint, leave to amend the complaint would be futile and is thus denied.

### III. CONCLUSION

For the reasons set forth above, the Court grants defendants' motion to dismiss the complaint in its entirety because plaintiff has failed to plausibly state any claims under Section 1983.

The Clerk of Court is directed to close this case and to send a copy of this Order to the pro se plaintiff.

**SO ORDERED.**

<table>
<tr><td></td><td>_____/s/ (JMA)_____</td></tr>
<tr><td>Dated: January  24, 2018</td><td>Joan M. Azrack</td></tr>
<tr><td>Central Islip, New York</td><td>United States District Judge</td></tr>
</table>